**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: March 20, 2024**

_____
**SHAD M. ROBINSON**
**UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 22-10783-SMR |
| | § | |
| JUST ONE DIME COACHING, LLC., | § | |
| | § | |
| DEBTOR[1] | § | CHAPTER 7 |

**ORDER DENYING TRUSTEE'S MOTION TO APPROVE SETTLEMENT**

On December 11, 2023, the Trustee filed a Motion to Approve Limited Settlement with Certain Creditor Parties (the "Motion"). [ECF No. 205].

On January 8, 2024, Skunk Labs, LLC, filed an Objection to the Motion (the "Objection"). [ECF No. 221].

On February 15, 2024, the Court held a hearing on the Motion and took the matter under advisement for consideration.[2]

---

[1] The Debtor in this chapter 7 case, along with the last four digits of its federal tax identification number is: Just One Dime Coaching, LLC (1047). Other names the Debtor conducts business under include: Veritus a Series of Embue LLC and Done For You By Just One Dime.

[2] The Court finds that it has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334(a) and (b), 11 U.S.C. § 363, and Federal Rules of Bankruptcy Procedure 9019. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N), and (O) because it concerns matters concerning the administration of the estate and the sale of estate property. Venue is proper under 28 U.S.C. §§ 1408 and 1409. The bankruptcy court has authority to adjudicate this matter pursuant to the District Court's Standing Order of Reference.

1

Based on the exhibits admitted and testimony presented at the February 15, 2024 hearing,[3] as well as the Court's review of the case law, the Court finds that the Trustee has the burden of proof in establishing that the proposed settlement/sale of claims satisfied the factors for Court approval under both Federal Rule of Bankruptcy Procedure 9019 and 11 U.S.C. § 363. *In re Adkins Supply, Inc.*, No. 11-10353-RLJ-7, 2013 WL 6048821 at *8 (Bankr. N.D. Tex. Nov. 15, 2013) ("The burden is on the settlement proponents to satisfy the Court that the settlement is fair and equitable and in the best interests of the estate.").

"A bankruptcy court may approve a compromise settlement of a debtor's claim pursuant to Bankruptcy Rule 9019(a). However, the court should approve the settlement only when the settlement is fair and equitable and in the best interest of the estate." *In re Foster Mortgage Co.*, 68 F.3d 914, 917 (5th Cir. 1995); *see also In re Age Ref., Inc.*, 801 F.3d 530, 540 (5th Cir. 2015) ("A bankruptcy court may approve a compromise or settlement on motion by the trustee and after notice and a hearing pursuant to Rule 9019, but it should do so only when the settlement is fair and equitable and in the best interest of the estate.") (internal quotations omitted). "In deciding whether a settlement of litigation is fair and equitable, a judge in bankruptcy must make a well-informed decision[.]" *Matter of Cajun Elec. Power Co-op., Inc.*, 119 F.3d 349, 356 (5th Cir. 1997); *see also Matter of AWECO, Inc.,* 725 F.2d 293, 300 (5th Cir. 1984) ("[D]ecisions as central to bankruptcy proceedings as approval of settlements cannot be visceral. They must issue from reason and rest upon factual undergirdings."). The Court considers and evaluates the following five factors when determining whether a settlement or compromise under Rule 9019 is fair and equitable:

---

[3] This Court makes its Findings of Fact and Conclusions of Law under Federal Rule of Civil Procedure 52 as incorporated into Federal Rules of Bankruptcy Procedure 7052 and 9014. To the extent that any Finding of Fact is construed to be a Conclusion of Law, it is adopted as such. To the extent that any Conclusion of Law is construed to be a Finding of Fact, it is adopted as such.

> (1) [T]he probability of success in the litigation, with due consideration for the uncertainty in fact and law;
> (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience, and delay, including the difficulties, if any, to be encountered in the matter of collection;
> (3) the paramount interest of the creditors and a proper deference to their respective views;
> (4) the extent to which the settlement is truly the product of arm's-length bargaining and not fraud or collusion; and
> (5) all other factors bearing on the wisdom of the compromise.

*In re Moore*, 608 F.3d 253, 263 (5th Cir. 2010).

In considering factors (1) and (2), the Court heard testimony from the Trustee. The Trustee testified that he hired professional consultants to evaluate the claims. The Trustee testified in a conclusory matter that the consultants advised the Trustee not to pursue the claims, but he did not give any details or specific reasons or analysis. The Trustee further testified that a contingency fee law firm would not agree to pursue the claims. However, the Trustee did not provide any detail or discussion of the consultants' specific analysis of the claims or why the law firm found the claims undesirable. The Trustee also testified that he did not do any investigation himself into significant pre-petition transfers to Kniep and Lopez, even though the estate's rights in those potential claims would be sold as part of the settlement. Finally, the Trustee testified that the estate did not have sufficient funds to pursue the litigation, but the evidence showed that the Trustee had $2,889,023.42 in the estate at the time of the February 15 hearing.

The Court does not need to conduct a "mini-trial" to properly analyze the first two factors and approve a settlement. *See Matter of Cajun Elec. Power Co-op., Inc.*, 119 F.3d 349, 356 (5th Cir. 1997). However, the Court finds that based on the evidence presented the Trustee has not satisfied his burden to prove by a preponderance of the evidence that the proposed settlement under Rule 9019 is fair and equitable. *See Matter of AWECO, Inc.*, 725 F.2d 293, 299-300 (5th Cir. 1984) (overturning bankruptcy court's approval of settlement because the numbers presented to the bankruptcy court by the settlement proponent were "merely opined, mentioned, or guessed . . . the

3

bankruptcy judge should not [approve] unless some party supplies concrete facts."). The Court cannot play its appropriate "quasi-inquisitorial role" in determining the fairness of the settlement on such incomplete facts and conclusory statements. *See AWECO,* 725 F.2d at 299. Indeed, similar to the *Adkins Supply* case, there was no attempt made by the Trustee to provide detailed factual allegations that would support the underlying claims or defenses and his analysis of the same.

In considering factor (3), the evidence showed that a significant portion of the creditors identified as the "Minns Firm Clients" favored the settlement. However, the Minns Firm Clients are purchasing the claims from the estate in the proposed settlement agreement, so their testimony is not that of uninterested creditors seeking maximal recovery, but rather purchasers of an estate asset. Based on the foregoing, the support of the Minns Firm Clients has minimal impact on the Court's analysis.

In considering factor (4), the Trustee testified that his attorney shopped the potential settlement around to multiple parties in the bankruptcy case. A party not associated with the Minns Firm Clients made a new, higher offer to purchase the estate's claims close to the February 15 hearing date. The Trustee believes that the lower offer from the Minns Firm Clients is more reliable and a better option for the estate. The Court's authority to approve a lower offer is generally recognized in the case law. *See In re Moore*, 608 F.3d 253, 263 (5th Cir. 2010) (In the context of a § 363 sale, "[a] bankruptcy court may accept a lower bid in the presence of sound business reasons, such as substantial doubt that the higher bidder can raise the cash necessary to complete the deal."). However, accepting a lower offer is subject to further scrutiny and the Trustee must provide sound business reasons for accepting such lower offer. Based on the evidence presented, there was insufficient evidence for the Court to determine the Trustee's business reasons for accepting a lower offer.

In considering factor (5), the Court evaluates "all other factors bearing on the wisdom of the compromise." The evidence before the Court is that the Trustee generally followed the advice of his lawyers and consultants in agreeing to this settlement. Even when combining the Trustee's formal declaration with the testimony live in court, all of the evidence presented can be summed up as "the Trustee relied on his lawyers and consultants." However, the Court heard no facts about the underlying claims, other than the names of the causes of action and broad references to the complexity of claims and possible collectability issues. Regarding the possible collectability issues, the only supporting fact provided to the Court was that one or more of the Defendants hired a lawyer who the Trustee knows is a good bankruptcy attorney.[4]

Further, "when a settlement agreement in a bankruptcy proceeding involves the sale of the debtor's property, such agreement triggers the requirements of § 363." *Matter of VCR I, L.L.C.*, 922 F.3d 323, 327 (5th Cir. 2019). "A sale of assets under § 363 . . . is subject to court approval and must be supported by an articulated business justification, good business judgment, or sound business reasons." *Moore*, 608 F.3d at 263.

While the Trustee does state that his decision to sell the claims was based on his business judgment, the Court has very little evidence to determine whether that judgment was reasonable. Based on the evidence presented, the Court also cannot determine whether the business reasons

---

[4] See generally the Declaration of the Chapter 7 Trustee at ECF 236. The Trustee's Declaration provides a general reference to actions of the Trustee's counsel, references in paragraph 15 certain claims and causes of action, references in paragraph 16 a forensic assessment, and references in paragraphs 20 and 21 an assessment completed by ASK, LLP, but the Declaration (1) provides no detail and specifics related to each of the claims and causes of action, (2) provides no detail as to the forensic assessment, and (3) provides no detail as to the assessment completed by ASK, LLP. The Trustee is not necessarily required to attach the forensic assessment or assessment completed by ASK, LLP, but the Declaration and/or the live testimony should have at least outlined the claims and causes of action the Trustee was seeking to settle/sell and provide his specific analysis of such claims and defenses and specifically explain his conclusion so the Court could determine whether such settlement/sale was fair and equitable. Furthermore, Section 3 of the proposed Settlement Agreement (ECF No. 205-1) outlines five categories of claims and causes of action that the Trustee is settling/selling, but there is no description of the specific claims and cause of action and no detail analyzing the claims and causes of action in the Declaration, and none was provided in the testimony at the February 15, 2024 hearing.

were sound. While the Court understands that the Trustee relied on his counsel and other consultants for advice, at least some baseline analysis of the claims and the estate's chances of success in pursuing them must be presented to the Court before the Court may approve the sale. It is not sufficient for the Trustee to simply testify that he relied on the advice of his counsel and other consultants.

In short, there has to be something more than general statements and "I relied on my lawyers and consultants" for the Court to determine: (1) whether a settlement or compromise under Rule 9019 is fair and equitable, and (2) whether the Trustee's sale of assets under § 363 is supported by an articulated business justification, good business judgment, or sound business reasons. This is especially true when the Trustee is rejecting a higher offer for the estate property. Based on the evidence presented and for the reasons outlined above, the Court cannot make a well-informed decision, and therefore finds that the Trustee has failed to meet his burden. Based on the foregoing,

**IT IS HEREBY ORDERED THAT** the Motion to Approve Limited Settlement with Certain Creditor Parties filed at ECF No. 205 is DENIED without prejudice.

# # #