IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 22-10783-smr |
| | § | |
| JUST ONE DIME COACHING, LLC, | § | Chapter 7 |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |

**AMENDED OBJECTION OF SKUNK LABS, LLC TO CLAIM #292 OF SABRINA LOOPER,
WITH NOTICE THEREOF**

**This is an objection to your claim in this bankruptcy case. This objection asks the Court to disallow (eliminate), reduce, or modify your claim as set forth in this objection. If you do not file a written response to this objection within 30 days from the date of mailing of this objection, the Court may disallow (eliminate), reduce, or modify your claim as set forth in this objection, without a hearing being held.**

**Any response to this objection must explain your position and be timely filed with the United States Bankruptcy Clerk, Western District of Texas, Homer J. Thornberry Federal Judicial Building, 903 San Jacinto Blvd., Suite 322, Austin, Texas 78701. If a timely response is filed, the Court will then set a hearing on the objection and you will be provided with notice of the date, time, and place of the hearing. If you do not attend the hearing, the Court may decide that you do not oppose the objection to your claim.**

TO THE HONORABLE SHAD M. ROBINSON, UNITED STATES BANKRUPTCY JUDGE:

Skunk Labs, LLC ("Skunk"), a creditor of the estate of Just One Dime Coaching, LLC (the "Debtor"), by and through its attorneys, Rabinowitz, Lubetkin & Tully, LLC and McGinnis Lochridge LLP, objects to the proof of claim filed by Sabrina Looper a/k/a Arina Brands, LLC (collectively, "Looper"), and seeks to expunge or reduce such proof of claim for the reasons set forth below.

**Introduction**

1. Skunk files this Objection to the Looper claim because, based on the exhibits attached to the claim itself, and the contract governing the relationship between Looper and the Debtor, the itemized damages set forth in the claim are precluded and limited by the Services Agreement between such parties executed on May 7, 2021. The Services Agreement is attached to the proof of claim. For ease of reference, the Looper proof of claim, together with its exhibits, including the Services Agreement, is also attached to this Objection as Exhibit "A."

2. On November 23, 2022, the Debtor filed a Voluntary Petition pursuant to the provisions of Chapter 7 of the United States Bankruptcy Code.

3. On January 8, 2024, Skunk filed its proof of claim herein.

4. On February 15, 2024, the Court entered an Order allowing the late filing of Skunk's proof of claim. As such, as a creditor and party in interest, Skunk has standing to file this claims motion.

**The Proof of Claim**

5. In the Looper proof of claim, the creditor includes an "Itemized Statement" which identifies the components of the claim, categorized by (i) out of pocket expenses; (ii) mitigation amounts; (iii) attorney's fees; and (iv) interest. That identical chart is utilized by every creditor who filed a proof of claim who is represented by the Minns Law Firm. All the proofs of claim of the Minns Law Firm's clients were signed by a representative of the Minns Law Firm. Those parties represented by the Minns Law Firm who filed proofs of claim are also the plaintiffs in the adversary proceeding before this Court as Adversary Proceeding No. 23-01036. That adversary proceeding is currently stayed as a result of the Court's sua sponte Order dated March 20, 2024 [ECF No. 87].

6. The amounts set forth in the Looper proof of claim for out of pocket expenses include the following:

   a. The initial fee paid to the Debtor of $30,000;

   b. Incorporation costs, constituting expenses paid to third parties enabling Looper to form a corporate entity;

   c. Logo, photography, UCC barcode costs, domain fees, and virtual office expenses, which again were paid to third parties;

   d. Product purchase costs paid for product ordered from third parties and received and offered by Looper for resale;

   e. Product inspection costs for inspection services actually performed; and

   f. Liquidation fees, constituting the amount allegedly incurred to dispose of products purchased from third parties and not sold.

7. The Looper proof of claim identifies no mitigation amounts.

8. The proof of claim also seeks attorney's fees for the Rain Minns Law Firm in the amount of $2,500, and pre and post-judgment interest at the highest rate allowable under law.

### The Services Agreement with the Debtor

9. Looper did business with the Debtor pursuant to a Services Agreement, under which, in exchange for paying the initial fee to the Debtor, the Debtor agreed to help Looper establish an Amazon store website presence to market and sell products. The Services Agreement identifies the Debtor as the "Company" and Looper as the "Client." The Services Agreement specifically relieves the Debtor of any liability if sales are less than forecasted.

10. Many of the charges incurred by Looper were for services provided by third parties, or the Debtor, which services were actually performed for the benefit of Looper. The Services

Agreement makes clear those business costs are to be paid by Looper. Among the business costs improperly included in the proof of claim are incorporation costs, in exchange for which, Looper had a corporation formed for her benefit. The proof of claim also includes costs for logos, photographs, and barcodes, all of which were actually provided. The proof of claim also seeks recovery for product inspection fees when product inspections actually occurred.

11. Importantly, the Services Agreement between Looper and the Debtor specifically limits the Debtor's liability for damages to direct damages in paragraph 10, as follows:

> **10. LIMITATION OF LIABILITY**. By signing this agreement, Client understands that online sales take place in a free and subjective market with unpredictable dynamics that can positively or negatively affect sales. For this reason Company is relieved of any liability if sales results are different from those forecasted, if a supplier creates a product that does not match the standards of quality ordered, or for any other events outside of the Company's control. By signing this agreement, Client also understands that Company has no control over what Amazon may do to its store and listings. Neither party shall be liable to the other for any amounts representing loss of profits, loss of business or indirect, consequential, exemplary, or punitive damages of the other party. The foregoing shall not limit the indemnification, defense and hold harmless obligations set forth in this agreement.

12. In addition, the Services Agreement expressly anticipates Looper's responsibility to pay all additional business costs by stating in Exhibit "C":

> "Client is paying for all business costs including, but not limited to manufacturing, shipping, customs & duties, photography, product videos, PPC, Amazon FBA fees, etc."

13. Based on the language of paragraph 10 of the Services Agreement, the only damages Looper is not expressly prohibited from asserting against the Debtor are "direct" damages. All other damages, including indirect and consequential damages, and lost profits, cannot be sought.

14. The law is clear that the Court must enforce contractual agreements to limit damages. *Signature Indus. Servs. LLC v. Int'l Paper Co.*, 638 S.W.3d 179 (Tex. 2022). If consequential damages are barred and a party seeks to recover them by making frivolous arguments, it is subject to sanctions. *James Constr. Grp. LLC v. Westlake Chem. Corp.*, 650 S.W. 3rd 392 (Tex. 2022).

15. Direct damages are limited to restoration of the benefit of the bargain.

16. The general rule for measuring benefit of the bargain damages is the difference between the contract price (here $30,000) and the value of what was received. *MSW Corpus Christi Landfill Ltd. v. Gully-Hurst, LLC*, 664 S.W. 3d. 102 (Texas 2023).

17. Thus, if the party having the obligation to perform satisfies its obligations under the contract, there are no direct damages, as the other party to the contract received the benefit of its bargain.

18. If the party having the performance obligation renders only partial performance, direct damages are limited to the amount paid, less the value of the partial performance. The contract standard for assessing loss of the benefit of the bargain damages is the difference between the value represented (in this case, the contract price of $30,000), and the value received by the non-breaching party. *See, Occidental Petroleum Corporation v. Wells Fargo Bank, N.A.,* 2023 U.S. Dist. LEXIS 94293 (S.D. Tex. 2023) and cases cited therein.

19. The Services Agreement requires the Debtor to "open a new Amazon store" for Looper, and to provide Looper "with full administrative access to the store." The Services Agreement reiterates that the Debtor "is providing the services of building and managing the store on Amazon."

20. Looper's claim acknowledges Debtor created a limited liability company through LegalZoom, paid registered agent and annual report fees, purchased product photography, paid product acquisition costs, paid inspection and freight costs, acquired product, and was left with product "at Amazon." All of such indicates the Debtor in fact created an Amazon store enabling Looper to sell the "white boards" (the product she agreed to sell), thereby fulfilling its obligations.

21. Since the Debtor built Looper's store on Amazon, provided administrative access to that store, and managed that store, it fully performed. Therefore, no damages exist which can be sought against the Debtor, and Looper's proof of claim should be expunged. Looper received the benefit of her bargain under the Services Agreement.

22. The Services Agreement also contains a termination clause, requiring the Debtor, for a term of ninety (90) days only, "to manage customer service" after termination.

23. As a result, if the basis of Looper's claim is the Debtor's failure to provide post-termination customer management services, (presumably governing the time period after the Debtor stopped operations shortly before the commencement of its Chapter 7 case) Looper's claim would be limited to $30,000, less the value of the services the Debtor did provide.

24. Skunk contends that the value of the services the Debtor did perform is substantially equivalent to the $30,000 initial fee paid by Looper. The only unfulfilled obligation of the Debtor, if any, is its ninety (90) day post termination customer service management obligation. Skunk asserts the value of that short term customer service obligation is less than $2,000. The substantial bulk of the fee paid by Looper was absorbed by all the services that were provided by the Debtor that resulted in the creation of an Amazon store for Looper. As the proof of claim admits, among those services was the creation of a corporate entity, the

identification of white boards as the product to be sold, the acquisition and inspection of the white boards, and the purchase by, and the offering for sale by Looper on Amazon, of the white boards.

25. Thus, Looper's proof of claim should be expunged, as the Debtor built an Amazon store for Looper which was fully operational. Alternatively, at best from Looper's perspective, the proof of claim should be reduced to a maximum of $2,000.

26. As for Looper's claim for attorney's fees, the Services Agreement requires the payment of attorney's fees to the "substantially prevailing party." In light of the mandatory expungement or significant reduction required to be applied to Looper's proof of claim, she cannot be deemed to have substantially prevailed, and thus no attorney's fee should be allowed.

27. As for Looper's inclusion of interest in the proof of claim, the Bankruptcy Code does not authorize post-petition interest absent sufficient proceeds to pay all creditors in full, something not present herein, based on estate funds of approximately $2,900,000, and claims in excess of $4,200,000, not counting administrative expenses. Moreover, because of the filing of a proof of claim in express contravention of the damages limitations in the Services Agreement, which justifies the application of sanctions, Skunk submits such constitutes exceptional circumstances to deny pre-petition interest on any nominal allowed claim which Looper may hold. *See*, generally, *Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314 (5th Cir. 1994)

**The Burden of Proof Shifts to Looper To Demonstrate the Validity of Her Claim by a Preponderance of Evidence**

28. Based on this objection, the burden of proof shifts to Looper, who must prove the elements of her claim by a preponderance of the evidence. *See, generally, Porretto v. Williams (In re Porretto)*, 5th Cir. 671 Fed. Appx. 437 (2019); *In re Houtex Builders, LLC*, 220 Bankr. LEXIS 3536 (Bank. S.D. Tex. 2020).

7

29. Based on whatever response, if any, Looper files and serves in opposition to the within claim's motion, Skunk reserves its right to reply, and to include ongoing support for its position that any claim asserted by Looper is limited to breach of contract direct damages given the existence of the Services Agreement with the Debtor. Skunk further adds that Looper's claim is limited by (i) the economic loss rule; and (ii) the integration clause in the Services Agreement, which eliminates any justifiable reliance by Looper on any representations not in writing signed by both the Debtor and Looper.

30. Moreover, because the same defects which mark Looper's proof of claim infect all the other proofs of claim filed by the Minns Law Firm for clients subject to Services Agreements with the Debtor, Skunk also requests that the Minns Law Firm be required to amend all such proofs of claim in accordance with the direct damages limitations in the Services Agreement, and the Court's ruling hereon.

**WHEREFORE,** the Skunk Labs, LLC requests this Court to expunge Looper's proof of claim as set forth herein or to reduce it to an amount no greater than $2,000.

Dated: April 9, 2024

                                                                                 Respectfully submitted,

                                                                                 By:   */s/ Jeffrey A. Cooper*
                                                                                      Jeffrey A. Cooper
                                                                                      Rabinowitz, Lubetkin & Tully, LLC
                                                                                      293 Eisenhower Parkway, Suite 100
                                                                                      Livingston, NJ 07083
                                                                                      State Bar No. (NJ) 022401980
                                                                                      State Bar No. (NY) 2137073
                                                                                       Telephone: (973) 597-9100
                                                                                      Facsimile: (973-597-9119)
                                                                                      E-mail: jcooper@rltlawfirm.com

                                                                             And

                                                                             By:   */s/ Christopher L. Halgren*
                                                                                     Christopher L. Halgren
                                                                                      McGINNIS LOCHRIDGE LLP

609 Main St, Suite 2800<br>
Houston, TX 77002<br>
State Bar No. (TX) 24069859<br>
Telephone: (713) 615-8539<br>
Facsimile: (713) 328-1839<br>
E-mail: chalgren@mcginnislaw.com

ATTORNEYS FOR SKUNK LABS, LLC

9

**CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that, on the 9th day of April 2024, he caused true and correct copies of the foregoing pleading, together with all attachments hereto, to be served by electronically filing it with the Court using the Court's CM/ECF system, which sent notification to the parties receiving same through such system as listed in the attached Matrix and to the parties below via first class mail.

Debtor
Just One Dime Coaching, LLC
Ronald J. Sommers
Iain L. C. Kennedy
Nathan Sommers Gibson Dillon PC
1400 Post Oak Blvd Suite 300
Houston, TX 77056

Rain Levy Minns Udall, Esq.
Minns Law Firm, P.C.
d/b/a Rain Minns Law Firm
4412 Spicewood Springs Rd., Suite 500
Austin, Texas 78759-8583

Sabrina M. Looper a/k/a Arina Brands, LLC
To the person most recently designated on the claimant's proof of claim as the person to receive notices, at the address so indicated (Rain Minns Law Firm, 4412 Spicewood Springs Rd., Suite 500, Austin, TX. 78759)
and
to their address as listed in the Western District of Texas Claims Register (909 Ocala Woods Lane, Orlando FL 32822).

Randolph N. Osherow, Chapter 7 Trustee
342 W Woodlawn, Suite 100
San Antonio, TX 78212

Jay H. Ong, Esq.
Beverly Ann Bass, Esq.
MUNSCH HARDT KOPF & HARR, P.C.
1717 West 6th Street, Suite 250
Austin, Texas 78703
Counsel to the Chapter 7 Trustee

                                              By: */s/ Christopher L. Halgren*
                                                  Christopher L. Halgren